# EXHIBIT Q

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3675**

WRITER'S EMAIL ADDRESS
robertschwartz@quinnemanuel.com

December 10, 2021

**VIA EMAIL**
James W. Dabney
james.dabney@hugheshubbard.com
Rita M. Haeusler
Rita.haeusler@hugheshubbard.com
Robby S. Naoufal
Robby.naouful@hugheshubbard.com
Hughes Hubbard & Reed LLP
1999 Avenue of the Starts, 9th Floor
Los Angeles, CA 90067

Re:   **Copyright Infringement and Trade Secret Misappropriation in *Myth of Empires***

Dear Counsel:

Your clients Suzhou Angela Online Game Technology Co. Ltd. ("Angela Game") and Imperium Interactive Entertainment Ltd. ("Imperium) have likely forwarded to you our December 7 letter to them about this matter. If so, you know that we represent Wildcard Properties LLC d/b/a Studio Wildcard and Snail Games USA Inc. (collectively "SWC"), the developer and publisher (respectively) of the video game titled *Ark: Survival Evolved*.

We noticed that yesterday (December 9, 2021) you filed a complaint in the Central District of California seeking declaratory relief that your clients did not infringe our clients' copyrights or misappropriate our clients' trade secrets in and to *Ark: Survival Evolved*. The complaint also accuses our clients of violating 17 U.S.C. section 512(f).

Because this dispute requires our collective and immediate attention, I am writing here to raise three issues.

1. **Code Comparison by a Third Party Neutral Expert**

As you will see in our forthcoming answer and counterclaims, SWC rejects the allegations in your attempt at a preemptive complaint.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

James W. Dabney, Rita M. Haeusler, and Robby S. Naoufal
December 10, 2021 – Page 2

Nonetheless, if your assertions about the creation of *Myth of Empires* are correct, the easiest way to resolve that would be to submit the source code for both games to an independent expert for comparison and review.

But to avoid any confusion, we are talking about the *Myth of Empires* source code as it existed on November 18, 2021, when the game first became available for download on Valve's Steam platform. And it would need to be the entire code, capable of being compiled and operating as the fully-functioning game that your clients first offered for sale on November 18, 2021; and capable of connecting to and playing on the MOEServer.exe that you released on that date. I mention these issues to give you notice that shortly after we served our Digital Millennium Copyright Act ("DMCA") takedown notice on Valve, your clients began to modify the code and did so in ways that appear to have no bearing on functionality. Instead, your clients appear to have made the modifications to remove evidence of their copying. And they began taking steps to make it harder for anyone to analyze the code based on what is publicly available. The timing of their doing so is equally suspicious.

If your clients are willing to submit their code for this comparison, you need to let me know via email by **10 am PST on December 13, 2021**. Each party's code would need to be delivered to the reviewer or an escrow agent 48 hours after that. At that time, each party would propose up to three reviewers. If the parties cannot within 48 hours agree, we would ask the assigned judge or magistrate judge to select the reviewer as quickly as possible. If you have not accepted this offer by **10 am PST on December 13, 2021**, we will deem that to be a rejection.

2. **<u>Document Preservation</u>**

As you know, SWC submitted DMCA takedown notices to Valve and other third parties who were operating *Myth of Empires* between December 1 and December 4, 2021. Since that time, we have been monitoring Angela Game's public actions and statements. It appears that Angela Game has modified the *Myth of Empires* source code to remove certain similarities with the *Ark: Survival Evolved* source code, as identified by SWC in its December 2, 2021, DMCA notice. Your client may not escape liability by changing its source code after it was caught.

Your client has a legal obligation to preserve **all** versions of the *Myth of Empires* source code that have ever existed, including pre-release versions. We intend to take discovery into **each** of those versions. We have already preserved several versions of the *Myth of Empires* executable, and SWC will know if your client produces modified versions of the code to cover its tracks.

Additionally, Angela Game and Imperium have a legal obligation to take all appropriate measures to ensure the preservation of **all documents and communications** that constitute, refer or relate to, or mention, any or all of the following, since at least January 1, 2020 (the "Preservation Subjects"):

    1.    Studio Wildcard, Snail Games USA, or Suzhou Snail Digital Technology Co. Ltd.

James W. Dabney, Rita M. Haeusler, and Robby S. Naoufal
December 10, 2021 – Page 3

    2.      Valve or Steam.

    3.      Angela Game's development of the Infringing Game.

    4.      All versions of all source code relating to the Infringing Game, and the Infringing Game's source code repository revision history.

    5.      Any employment agreements or other contracts between Angela Game and any person who was involved in any manner in the development or distribution of the Infringing Game.

    6.      All communications with any current or former employee of Studio Wildcard, Snail Games USA Inc., or Suzhou Snail Digital Technology Co. Ltd.

    7.      All agreements, including drafts, relating to the design, development, advertising, licensing, sale, hosting, storage, or other distribution or dissemination in any form of the Infringing Game.

    8.      All revenues of any sort that derived in whole or part from Angela Game's licensing, sale, or other distribution of the Infringing Game.

    9.      The server-hosting of the Infringing Game by any person or entity.

    10.    The removal or "take down" of the Infringing Game by any person or entity.

Angela Game and Imperium are legally obligated to preserve any and all records, information, documents, other tangible materials, and electronically stored information ("ESI") in their possession, custody, and/or control that are actually or potentially relevant or relate in any way to the Preservation Subjects. As the litigation progresses, we will be directing discovery to Angela Game regarding the Preservation Subjects.

This demand encompasses all types of information, including any and all information that Angela Game and Imperium may claim is protected by the attorney-client privilege, the attorney work product doctrine, or other privileges, including all internal and external communications and all attorney-client communications.

This notice encompasses information whether created before or after the date of this letter. It includes duplicates with handwritten notations or other markings or additions. It includes hardware and electronic processing systems, even if they are replaced. It includes emails, internet web activity, and activity logs. It also includes relevant or potentially relevant information of any type that is contained in any file, drawer, or information-technology system without regard to whether such information exists elsewhere.

You should anticipate that much of the information subject to preservation obligations is stored on the Angela Game and Imperium's computer systems and other media and devices (including

James W. Dabney, Rita M. Haeusler, and Robby S. Naoufal
December 10, 2021 – Page 4

personal digital assistants, voice messaging systems, online repositories and cell phones). The obligation to preserve requires that data on both Angela Game and Imperium-owned and personally owned devices must be maintained and preserved.

By way of example (and not as an exclusive list), potentially relevant information stored electronically includes, but is not limited to:

- Digital communications (e.g., emails, texts, voice mails, instant messages such as Slack or Discord);

- Word processed documents (e.g., Word or WordPerfect documents);

- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);

- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

- Databases (e.g., Access, Oracle, SQL Server data, SAP);

- Contact and Relationship Management Data (e.g., Outlook, ACT!);

- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);

- Online Access Data (e.g., Temporary Internet Files, History, Cookies);

- Presentations (e.g., PowerPoint);

- Network Access and Server Activity Logs;

- Project Management Application Data; and

- Back Up and Archival Files (e.g., .Zip, .GHO).

It is Angela Game and Imperium's responsibility to preserve all relevant or potentially relevant information and materials in its possession, custody, or control regardless of location, and to ensure that the associated entities and individuals described above do the same. Angela Game and Imperium's employees should immediately be instructed that their obligations include, but are not limited to, the following actions:

- Suspend any routine document or data destruction policies, including suspending features of any information system or device that, in routine operation, cause the loss of potentially relevant ESI;

James W. Dabney, Rita M. Haeusler, and Robby S. Naoufal
December 10, 2021 – Page 5

- Preserve the content of online or browser-based e-mail accounts, mailboxes, or services (such as NetEase, QQ Mail, Sina Mail, AOL, Gmail, Yahoo Mail, etc.), including Sent, Deleted, and Archived message folders;

- Cease overwriting, erasing, destroying or discarding back up tapes or other media;

- Preserve and not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made;

- Preserve and not destroy passwords, decryption procedures (and accompany software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;

- Refrain from deleting any emails or electronic documents, and disable any automatic system that deletes such materials;

- Refrain from throwing away any paper documents, and from destroying any part of an existing document, for example by hole-punching through text of handwriting. Ensure paper documents are stored securely where they will not suffer damage or otherwise be accidentally destroyed;

- Refrain from discarding, erasing, or otherwise reformatting any electronic device. Ensure that the data on such devices remains intact and accessible; and

- Maintain all other pertinent information and tools needed to access, review, and reconstruct any potentially relevant ESI.

Again, this preservation duty encompasses both tangible things as well as data and ESI, and the failure to preserve such materials may constitute spoliation of evidence.

Please also confirm by **10 am PST on Monday, December 13, 2021** that Angela Game and Imperium have taken steps to preserve all relevant evidence, as outlined above.

3. ***Angela Game and Imperium Must Drop Their 17 U.S.C. § 512(f) Claim***

Angela Game and Imperium have asserted a DMCA claim under 17 U.S.C. section 512(f). But Angela Game and Imperium have no grounds to assert such a claim. Any attempt to maintain that claim against SWC would be a violation of Federal Rule of Civil Procedure 11.

Under Section 512(f), "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake … Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004). In light of the preliminary source code analysis appended to the DMCA notices

James W. Dabney, Rita M. Haeusler, and Robby S. Naoufal
December 10, 2021 – Page 6

transmitted by SWC, it is impossible for Angela Game or Imperium to claim that SWC made a *knowing* misrepresentation. Even if there was some error in the analysis, that would not give rise to liability. *Rossi*, 391 F.3d at 1005.

Moreover, to the extent that your client may contend the similarities in variable, class, and function names identified in SWC's preliminary analysis are not the "software code that actually drives the operation of *Myth of Empires*," that does not convert SWC's DMCA notices into misrepresentations. On the contrary, courts have long recognized that similarities in *non-functional* source code elements are strong evidence of infringement. *See, e.g. Atari Games Corp. v. Nintendo of Am., Inc.*, 1993 WL 207548, at *5 (N.D. Cal. May 18, 1993) ("In analyzing substantial similarity, it is important not to forget that this analysis exists only to raise an evidentiary *inference* of actual copying … Where the similarities involve program code that serves no purpose in the defendant's program, the evidentiary inference is strong.") (emphasis in original). It was eminently reasonable for SWC to infer copyright infringement based on similarities in non-functional variable, class, and function names.

Based on the foregoing, we request that Angela Game and Imperium drop their Section 512(f) claim because they lack a good faith basis to allege that SWC made a "knowing misrepresentation." Furthermore, please be advised that if Angela Game and Imperium have not notified us by **10 am PST on December 13, 2021** that they will dismiss their Section 512(f) claim, SWC will prepare and serve a Rule 11 motion on your firm.

*   *   *   *

The foregoing is not a complete statement of the facts relevant or the law governing this matter. All of SWC's rights, claims, and remedies are hereby reserved.

Very truly yours,

Robert M. Schwartz