1  RITA M. HAEUSLER (SBN 110574)
   rita.haeusler@hugheshubbard.com
2  ROBBY S. NAOUFAL (SBN 302148)
   robby.naoufal@hugheshubbard.com
3  HUGHES HUBBARD & REED LLP
   1999 Avenue of the Stars, 9th Floor
4  Los Angeles, CA 90067-4620
   Telephone: (213) 613-2800
5  Facsimile: (213) 613-2950

6  JAMES W. DABNEY (*pro hac vice*)
   james.dabney@hugheshubbard.com
7  JAMES R. KLAIBER (*pro hac vice*)
   james.klaiber@hugheshubbard.com
8  EMMA L. BARATTA (*pro hac vice*)
   emma.baratta@hugheshubbard.com
9  LYNN M. RUSSO (*pro hac vice*)
   lynn.russo@hugheshubbard.com
10 HUGHES HUBBARD & REED LLP
   1 Battery Park Plaza
11 New York, NY 10004-1482
   Telephone: (212) 837-6000
12 Facsimile: (212) 422-4726

13 ROY LIU (*pro hac vice*)
   roy.liu@hugheshubbard.com
14 HUGHES HUBBARD & REED LLP
   1775 I Street, N.W., 5th Floor
15 Washington, DC 20006 2401
   Telephone: (202) 741-4938
16 Facsimile: (202) 729-4798

   Attorneys for Plaintiffs and Counter-defendants
17 SUZHOU ANGELA ONLINE GAME TECHNOLOGY CO., LTD. and
   IMPERIUM INTERACTIVE ENTERTAINMENT LIMITED

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZHOU ANGELA ONLINE GAME TECHNOLOGY CO., LTD. and IMPERIUM INTERACTIVE ENTERTAINMENT LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAIL GAMES USA INC. and WILDCARD PROPERTIES LLC,<br><br>Defendants.<br>_____<br>AND COUNTERCLAIMS | CASE NO. 2:21−CV−09552 CAS (SKx)<br>Related Case: 2:22-cv-02009-CAS-SK<br><br>[Assigned to the Hon. Christina A. Snyder]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFFS AND COUNTER-DEFENDANTS SUZHOU ANGELA ONLINE GAME TECHNOLOGY CO., LTD. AND IMPERIUM INTERACTIVE ENTERTAINMENT LIMITED**<br><br>Date:  August 15, 2022<br>Time:  10:00 a.m.<br>Place: Ctrm. 8D |

The following Memorandum of Points and Authorities is submitted in support of the Motion of Hughes Hubbard & Reed LLP ("HHR") to withdraw as attorneys of record for Plaintiffs and Counter-defendants Suzhou Angela Online Game Technology Co., Ltd. ("Angela Game") and Imperium Interactive Entertainment Limited ("Imperium") (collectively, "Plaintiffs") in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

HHR, counsel of record for Plaintiffs, hereby moves the Court for an order allowing it to withdraw as counsel for Plaintiffs.

### I.  FACTS

Plaintiffs commenced this action on December 9, 2021 (Dkt. 1), five days after the Defendants (collectively, "SWC") induced third-party Valve Corp. ("Valve") to breach contractual obligations owed to Plaintiffs, resulting in Plaintiffs suffering the loss of nearly 100% of the revenues that they were then receiving from sales of *Myth of Empires*. *See* Declaration of Cheng Ting Kong, sworn to December 17, 2021 ("Cheng Decl.") ¶¶ 26–27 (Dkt. 15-2); Second Declaration of Yang Li Ping, sworn to January 13, 2022 ("Second Yang Decl.") ¶¶ 26–30 & Ex. 46 (Dkt. 38-1); Third Declaration of Yang Li Ping, sworn to January 28, 2022 ("Third Yang Decl.") ¶¶ 2–5 (Dkt. 49-1).

On December 10, 2021, Plaintiffs served Valve with a "counter-notice" under 17 U.S.C. § 512(g)(3) (*see* Cheng Decl. ¶ 32 & Ex. 2); however, and contrary to the terms of 17 U.S.C. § 512(g)(2)(C), Valve did not resume distributing *Myth of Empires* and SWC accordingly were never required to prove that they were entitled to an order restraining pretrial sales of *Myth of Empires*, as 17 U.S.C. § 512(g) and principles of equity contemplate.  SWC were thus able to evade the proof burdens that are imposed on litigants who seek pretrial injunctive relief and also to engage in tactics that had the effect of exhausting the Plaintiffs financially, which SWC have now succeeded in doing.

1   The source code for *Myth of Empires* has been continuously available to SWC
2   for expert review and analysis since January 12, 2022.  Second Declaration of James
3   W. Dabney, sworn to January 14, 2022 ("Second Dabney Decl.") ¶ 3 & Ex. 2 (Dkt.
4   38-4).  Plaintiffs advised the Court on January 31, 2022, that they could be ready for
5   trial in 60 days' time.  Jan. 31 Tr. at 40:10–12.  SWC, however, have insisted that a
6   court-appointed "neutral" expert should be paid hundreds of thousands of dollars *by*
7   *Plaintiffs* to spend weeks looking for evidence of undefined "non-literal" "copying"
8   that SWC's experts, in twenty-three full days of direct searching, have apparently
9   been unable to find.  Third Declaration of James W. Dabney, sworn to June 23, 2022
10  ("Third Dabney Decl.") ¶ 2 & Ex. 1 (Dkt. 116-1); Declaration of Dr. Lynn M. Russo,
11  sworn to June 23, 2022 ("Russo Decl.") ¶ 2 (Dkt. 116-3).

12  The conduct of SWC in inducing Valve to breach its contractual obligations to
13  Plaintiffs has resulted in Plaintiffs being unable to pay the fees of their first choice of
14  counsel in this case, HHR.  Plaintiffs have not paid invoices received from HHR for
15  services rendered in February, March, April, and May 2022.  Plaintiffs do not have
16  available cash to pay these invoices.

17  Plaintiffs currently are in the process of engaging Blue Peak Law Group ("Blue
18  Peak") to take over the prosecution of their claims in this case and the defense of the
19  counterclaims that SWC have asserted.  Plaintiffs consent to HHR's withdrawal from
20  representing them in this case.  Blue Peak is highly qualified to represent the Plaintiffs
21  in this case.  *See* https://www.bluepeak.law/.  One of Blue Peak's founding partners,
22  Richard M. Koehl, was a Counsel at HHR for several years prior to June 2022.

23  **II.   DISCUSSION**

24      **A.   Good Cause Exists for the Court to Grant HHR Leave to Withdraw as Counsel of Record for Plaintiffs**
25  
26  Permission to withdraw is committed to the discretion of the trial court.  *See*
27  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Civil Local Rule 83-2.3
28  provides that an attorney may withdraw as counsel by leave of the Court upon a

showing of good cause, provided that the attorney has given written notice to the client reasonably in advance and to all other parties who have appeared in the action. Civil Local Rule 83-2.3.5 provides that, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Here no trial date or case schedule has been set. HHR's withdrawal should not cause any delay in the prosecution of this case to conclusion.

Civil Local Rule 83-3.1.2 provides that attorneys practicing in this district must "comply with the standards of professional conduct required of members of the State Bar of California." Rule 1.16 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons. Among these reasons are that the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation; breaches an agreement or obligation to the member as to expenses or fees . . . ." Cal. R. Prof. Conduct § 1.16(b)(5).

Courts have repeatedly held that failure or inability to pay for legal services constitutes good cause for withdrawal. *See, e.g., STO Home Delivery Inc. v. Blue Package Delivery, LLC,* No.: 2:19-cv-00314-SB-JEM, 2021 WL 2594822, at *2 (C.D. Cal. Jan. 26, 2021); *Privacywear, Inc. v. QTS & CTFC, LLC*, No. EDCV 07–1532 VAP (OPx), 2010 WL 11509227, at *2 (C.D. Cal. Apr. 21, 2010); *see also Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *2 (S.D. Cal. 2010).

Here, the Plaintiffs have not paid and lack cash available to pay HHR for services that HHR has rendered to them in this case since February 1, 2022. Plaintiffs' request for a separate trial of the issue of liability for alleged copyright infringement has not been granted. The parties are now engaged in full blown discovery of all issues in this case. Plaintiffs will now be seeking damages for the

losses they have suffered by reason of the course of conduct that SWC and their agents have engaged in since December 13, 2021, when SWC were first put on notice of Plaintiffs' claim that, in addition to violating 17 U.S.C. § 512(f), SWC and its agents were tortiously inducing Valve to breach contractual obligations owed to the Plaintiffs. *See* Declaration of James W. Dabney, sworn to December 17, 2021 ¶ 2 & Ex. 1 (Dkt. 15-1).

These developments have made it infeasible for HHR to continue representing the Plaintiffs in this action. Fortunately, Plaintiffs have found new counsel, Blue Peak, to act for them in this case. As noted above, Blue Peak and Plaintiffs are in the process of reaching accord on the terms of engagement and we expect them to be retained in the next few days. Thus, a grant of this motion should not result in any undue prejudice to the Plaintiffs.

### B. Hughes Hubbard Has Satisfied the Requisite Notice Requirements

Civil Local Rule 83-2.3 provides that an attorney may withdraw as counsel on a showing of good cause, provided that the attorney gives written notice to the client reasonably in advance and to all other parties who have appeared in the action.

Civil Local Rule 83-2.3.4 provides that, where an attorney's client is an organization, and Plaintiffs here are organizations, the attorney must give written notice to the organization of the consequences of its inability to appear pro se.

Before withdrawing for any reason, an attorney must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with the provisions of California Code of Professional Responsibility Rule 1.16 (e) concerning releasing client materials and property.

On numerous occasions over the past weeks, HHR has informed Plaintiffs both orally and in writing that HHR would be seeking to withdraw as their counsel in this action due to non-payment of fees, and that Plaintiffs needed to retain new counsel. HHR introduced Plaintiffs to Blue Peak and will cooperate in transferring files and

knowledge to Blue Peak. Plaintiffs have consented to HHR's withdrawal as noted above.

### III. APPLICATION

This motion should be granted because (1) good cause exists in that Plaintiffs have been unable or unwilling to pay HHR for attorney fees incurred for the past five months; (2) HHR has given reasonable notice to Plaintiffs and to counsel for Defendants; and (3) HHR has assisted Plaintiffs to secure highly qualified and expert new counsel, Blue Peak, who are expected to enter an appearance in this action shortly.

### IV. CONCLUSION

For the reasons stated above, HHR respectfully requests that this Court grant its motion for leave to withdraw as counsel of record for Plaintiffs and Counter-defendants Suzhou Angela Online Game Technology Co., Ltd. and Imperium Interactive Entertainment Limited with respect to all matters related to this case number and that all Hughes Hubbard attorneys be removed from the Court's service list.

DATED: July 13, 2022

RITA M. HAEUSLER
ROBBY S. NAOUFAL
JAMES W. DABNEY (*pro hac vice*)
JAMES R. KLAIBER (*pro hac vice*)
EMMA L. BARATTA (*pro hac vice*)
LYNN M. RUSSO (*pro hac vice*)
ROY LIU (*pro hac vice*)
HUGHES HUBBARD & REED LLP

By: /s/ Rita M. Haeusler
Rita M. Haeusler
Attorneys for Plaintiffs and Counterdefendants
SUZHOU ANGELA ONLINE GAME TECHNOLOGY CO., LTD. and IMPERIUM INTERACTIVE ENTERTAINMENT LIMITED