UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**  (IN CHAMBERS) - MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 172, filed on NOVEMBER 7, 2022)

MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND AMENDED ANSWER TO COUNTERCLAIM (Dkt. 174, filed on NOVEMBER 14, 2022)

## I.    INTRODUCTION

Presently before the Court are plaintiffs' motion for leave to file an amended complaint and an amended answer to defendants' counterclaim, and plaintiffs' motion for judgment on the pleadings with respect to defendants' counterclaim.

On December 9, 2021, plaintiffs Suzhou Angela Online Game Technology Co., Ltd. ("Angela") and Imperium Interactive Entertainment Limited ("Imperium") filed the instant action against defendants Snail Games USA Inc. ("Snail") and Wildcard Properties LLC ("Wildcard"). See Dkt. 1 ("Compl."). Angela is the developer and owner of a videogame entitled "Myth of Empires." Id. ¶ 6. Until recently, Myth of Empires was "offered, distributed, and made available to end users" by the Valve Corporation ("Valve"), a third-party platform that is not a party to this litigation. Id. ¶ 9. On or about December 1, 2021, defendants sent a letter to Valve alleging that Myth of Empires was built "with trade secret source code copied and stolen" from defendants. Dkt. 1, Ex. 1 ("Valve Letter") at 2. Based on the Valve Letter, Valve ceased distributing Myth of Empires on or about December 7, 2021. Compl. ¶ 15. Plaintiffs allege that their business has been injured and irreparably harmed by defendants' actions in causing Valve to cease distribution of Myth of Empires. Id. ¶¶ 16, 23, 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

Plaintiffs' complaint alleges the following claims for relief: (1) Declaratory Judgment of Non-Liability for Copyright Infringement; (2) Declaratory Judgment of Non-Liability for Trade Secret Misappropriation; and (3) Violation of 17 U.S.C. § 512(f).[1] Id. ¶¶ 6–30. Plaintiffs seek preliminary and permanent injunctions "directing Defendants to withdraw [the Valve Letter] and any other takedown notice Defendants may have sent to any distributor of Myth of Empires and restraining Defendants from interfering with the distribution of Myth of Empires." Compl. at 5.

On December 20, 2021, defendants answered plaintiffs' complaint. Dkt. 27 ("Ans."). Defendants claim that Angela "stole the extraordinarily valuable source code" they created for their game Ark: Survival Evolved in order to create Myth of Empires. Id. ¶¶ 2–5. Defendants submitted copyright registrations for Ark: Survival Evolved, and allege that in November 2018, a former employee of Snail USA's China-based parent obtained access to the Ark: Survival Evolved source code and copied it. Id. ¶ 4. Defendants bring the following counterclaims for relief: (1) Direct Copyright Infringement against Angela and Imperium; (2) Contributory Copyright Infringement against Imperium; (3) Vicarious Copyright Infringement against Imperium; (4) Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 against Angela and Imperium; and (5) Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq. against Angela and Imperium. Id. ¶¶ 58–103.

On November 7, 2022, plaintiffs filed a motion for judgment on the pleadings with respect to defendants' counterclaim. Dkt. 172 ("MJP"). On November 14, 2022, defendants filed their opposition. Dkt. 175 ("MJP Opp."). On November 21, 2022, plaintiffs filed a reply. Dkt. 186 ("MJP Reply").

On November 14, 2022, plaintiffs filed a motion for leave to amend their complaint and answer to defendants' counter claim. Dkt. 174 ("MLA"). On November 21, 2022, defendants filed a non-opposition to the motion. Dkt. 187 ("MLA Non-Opp.").

---

[1] 17 U.S.C. § 512(f) provides that "any person who makes knowing, material misrepresentations in filing a DMCA takedown notice 'shall be liable for any damages, including costs and attorneys' fees[ ] incurred by the alleged infringer.'" Automattic Inc. v. Steiner, 82 F. Supp. 3d 1011, 1017 (N.D. Cal. 2015) (quoting 17 U.S.C. § 512(f)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

On December 2, 2022, defendants filed a notice of issuance of supplementary registrations by the U.S. Copyright Office ("USCO"), to which plaintiffs filed an objection. See dkts. 190, 191.

On December 5, 2022, the Court held a hearing on plaintiffs' motion for judgment on the pleadings, at which it requested supplemental briefing addressing the impact of the supplementary copyright registrations on the instant motion. Thereafter, plaintiffs submitted a supplemental brief on December 23, 2022, dkt. 220 ("Pls.' MJP Supp."), and defendants submitted a supplemental brief on January 9, 2022, dkt. 228 ("Defs.' MJP Supp.").

On February 27, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Wildcard began development of Ark: Survival Evolved ("Ark") in 2014. Ans. ¶ 39. It released an "early access" version of the game on Valve's Steam platform for the personal computer ("PC") on June 2, 2015.[2] Id. ¶ 41. Early access to Ark ended in 2017. Id. ¶ 42. Wildcard and Snail USA published the completed retail version of Ark on August 29, 2017 for PC, as well as for Sony's PlayStation 4 and Microsoft's Xbox One. Id. Wildcard and Snail USA published additional versions of Ark for the Nintendo Switch and Android iOS. Id.

Wildcard and Snail USA registered the following copyrights, U.S. Copyright Registration Nos. TX0008844750 (for the Nintendo Switch version), TX0008850188 (for the PlayStation 4 version), and TX0008850190 (for the Xbox One version) (collectively, the "console versions"). Id. ¶ 44. The copyright registration certificates list the works as "text, computer program, [and] artwork" or as a "computer program and audiovisual material for a videogame," and do not identify any of the three copyrights as a derivative work of the original version of Ark. See Dkt. 27-1, Exs. A–C. Defendants did not register copyrights for the 2015 PC version or the 2017 PC version of Ark.

---

[2] As set forth in Defendants' counterclaim, "in the context of the Steam platform, 'early access' refers to a publishing system created by Valve that allows companies to publish pre-release versions of still-in-development video games." Id. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

### III.  LEGAL STANDARD

#### A.  Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

#### B.  Federal Rule of Civil Procedure 12(c)

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).  There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

### IV.  Plaintiffs' Motion for Leave to Amend

Plaintiffs seek leave to amend their complaint and answer to defendants' complaint to add a claim for declaratory judgment that defendants' copyright registrations are invalid and related affirmative defenses to defendant's copyright infringement claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

raised in there counterclaim. MLA at 1–2. Defendants do not oppose plaintiffs' motion for leave to amend. See generally MLA Non-Opp.

Because plaintiffs filed the instant motion before the Court's scheduling order deadline, see Dkt. 173, and because defendants do not oppose the motion, the Court grants plaintiffs' motion to amend.

### V.    Plaintiffs' Motion for Judgment on the Pleadings

Plaintiffs seek judgment on the pleadings with respect to defendants' copyright infringement claims in their counterclaim. As described above, while defendant Snail owns registered copyrights for the 2017 console versions of Ark, it did not register the early access 2015 PC version of Ark, nor did it register the subsequently released 2017 PC version. In plaintiffs' first round of briefing in support of their motion, they argued that, because copyright for a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work and does not imply or convey any exclusive right in the preexisting material," MJP at 8 (quoting 17 U.S.C. § 103(b)), then as a matter of law the registrations of Ark console versions can only cover the source code for the three console versions that differs from the source code for the previously published 2015 PC version. Plaintiffs additionally contended that while case law recognizes the "effective registration doctrine" by which a copyright holder who owns both the original version of a work and a subsequently registered derivative work can pursue a claim for infringement of the original version, defendants cannot avail themselves of this doctrine because the effective registration doctrine requires the registration of the derivative work to identify the prior work for a copyright holder to sue for infringement of the unregistered prior work. Accordingly, plaintiffs argued that because the Ark console versions are not registered as derivative works identifying the unregistered 2015 PC version, defendants cannot sue for infringement based on the source code of the unregistered work.[3]

---

[3] The Copyright Act requires that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Moreover, copyright for a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work and does not imply or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

In their first round of briefing, defendants contended that the effective registration doctrine does not contain a requirement that the derivative registration specifically identify the earlier work on which it is based. In the alternative, defendants argued that Snail could supplement the copyright registrations of the Ark console versions to satisfy plaintiffs' concerns. Then, days before the Court's December 5, 2022 hearing on this motion, Snail filed supplementary registrations to the Ark console versions' copyright registrations to identify these works as derivative works, listing "previous versions of computer program" under "pre-existing material" and listing "identification of work as a derivative of previous version of computer program" under "amplifications explained." See Dkt. 190-3. Defendants contend that these supplementary registrations for the console versions of Ark reflect that they are derivative works of the 2015 "early access" version of Ark.

In light of Snail's supplementary registrations, the Court requested the parties to provide further briefing as to the potential impact of these registrations on plaintiffs' motion for judgment on the pleadings. In their supplemental briefing, plaintiffs argue that (1) defendants' supplementary registrations do not sufficiently identify the prior, unregistered work to satisfy the effective registration doctrine, (2) defendants' supplementary registrations are improper because they cannot be used to change the "content of a work" under 37 C.F.R. § 202.6.(d)(4), and (3) mid-litigation supplementary registration is impermissible.

The Court addresses each of these in turn as follows.

---

convey any exclusive right in the preexisting material." Id. § 103(b). The effective registration doctrine, as outlined in the Second Circuit's Streetwise Maps, Inc. v. VanDam, Inc., specifies that where a copyright holder is the "owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work." 159 F.3d 739, 747 (2d Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

**A.    Whether Snail's supplementary registrations satisfy the requirements of the effective registration doctrine.**

As set forth above, having previously argued that Snail could not avail itself of the effective registration doctrine because its console copyright registrations of Ark did not disclose their status as a derivative work, plaintiffs now argue that Snail's supplementary registrations "still do[] not adequately identify its prior works." Pls.' MJP Supp. at 4. Plaintiffs cite to cases from their moving papers in which courts have concluded that for the effective registration doctrine to be applicable, the registration of the subsequent derivative work must identify the prior original work. See, e.g., Oskar Sys., LLC v. Club Speed, Inc., 745 F. Supp. 2d 1155, 1162 (C.D. Cal. 2010) (joining other courts that "have found registration of a derivative work insufficient to encompass the original, preexisting work where the registration certificate failed to properly identify the original work from which the subsequent work was derived (and upon which the infringement claim was based)"); UAB "Planner5D" v. Facebook, Inc., No. 19-CV-03132-WHO, 2020 WL 4260733, at *4 (N.D. Cal. July 24, 2020) (concluding that "Planner 5D cannot rely on the principle of derivative works to save the fact that its registration certificates do not identify any prior versions of the works on which the registered versions were based"); Synopsys, Inc. v. Atoptech, Inc., No. C-13-2965 MMC, 2016 WL 80549, at *1 (N.D. Cal. Jan. 7, 2016) (concluding that "Synopsys cannot avail itself of the effective registration doctrine, as its applications for registration of the derivative works fail to identify with sufficient specificity the unregistered preexisting works on which such derivative works are based"). According to plaintiffs, Snail's supplementary registrations, which provide that each console version is a derivative work of "previous versions" of Ark, insufficiently identify the unregistered preexisting works on which the console versions are based.

In opposition, defendants argue that Snail used the phrase "previous versions" in its supplementary registrations "because both the Copyright Office and cases Angela cited in its moving papers endorsed that language." Defs.' MJP Supp. at 9. Defendants note that in Synopsys, cited by plaintiffs, the court found the plaintiff's copyright registration to be insufficient because it referred to "prior works by claimant" instead of " 'previous version,' the language recommended by the Copyright Office." Id. (quoting Synopsys, 2016 WL 80549, at *1). Defendants subsequently argue that "Snail is entitled, and should be encouraged, to rely on the Copyright Office's recommended language

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

because '[d]enying the fruits of reliance by citizens on a longstanding administrative practice reasonably construing a statute is unjust.' " Id. at 9 n.3 (quoting Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co., 747 F.3d 673, 686 (9th Cir. 2014) (reversing district court decision that invalidated copyright registrations where registrants relied on the Copyright Office's recommended procedures)). Similarly, defendants identify that in Adobe Sys. Inc. v. Los Angeles Computer Dep't, No. CV 15-5549 PA (RAOX), 2016 WL 7177590, at *4 (C.D. Cal. Apr. 4, 2016), another court in this district found the registration sufficient for the effective registration doctrine where it identified the pre-existing work using the phase "prior version." Finally, defendants cite to Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co. for the proposition that the Ninth Circuit has rejected attempts to burden copyright claimants with exhaustive identification requirements. Id. at 10 (citing 747 F.3d 673, 680 (9th Cir. 2014)) .

The Court concludes that defendants' supplementary registrations sufficiently identify the preexisting work for the effective registration doctrine for the purposes of this litigation. Although the case law appears to be inconsistent as to the required specificity with which a derivative work registration should identify the preexisting work under the effective registration doctrine, the Court believes defendants' supplementary registration are appropriate in light of the circumstances of the case. Like in Adobe, where plaintiff's registered applications were the completed software program of the unregistered "beta" versions, defendants' 2017 registered versions of Ark are the completed versions of the 2015 "early access" version. See 2016 WL 7177590, at *4. And, as indicated in Synopsys (cited by plaintiffs), using the phrase "previous version" as recommended by the Copyright Office instead of "prior works by claimant" more meaningfully identifies that the registered work is a derivative work of a "previous version" specifically, and not of a "prior work by claimant" that could encompass a vague category of works. See 2016 WL 80549, at *1.

**B.    Whether Snail's supplementary registrations impermissibly change the contents of the copyrighted works.**

Plaintiffs argue that the Copyright Act bars amendments that change the content of a work, because Section 408(d) only permits a supplementary registration "to correct any error in a copyright registration or to amplify the information given in a registration," 17 U.S.C. § 408(d), and because the USCO has specifically regulated that "[s]upplementary registration is not appropriate . . . to reflect changes in the content of a work," 37 C.F.R. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

202.6.(d)(4). Pls.' MJP Supp. at 8. Accordingly, plaintiffs argue that "supplementary registrations cannot be used 'to squeeze additional works into a registered copyright.' " Id. at 9 (quoting PaySys Int'l, Inc. v. Atos Se, Worldline SA, Atos IT Servs. Ltd., 226 F. Supp. 3d 206, 221 (S.D.N.Y. 2016)); Muench Photography, Inc. v. Pearson Educ., Inc., 2013 WL 12440999, at *13 n.10 (N.D. Cal. Nov. 19, 2013); Saxon v. Blann, 1991 WL 350748, at *12 (W.D. Ark. Jan. 25, 1991), aff'd, 968 F.2d 676 (8th Cir. 1992)).

In opposition, defendants argue that Snail's supplementary registrations do not change the "content" of any work in the case. Defendants argue that there is no PC version of Ark containing at-issue code that is not found in any derivative version of Ark that Snail registered in the console versions. Specifically, "when Snail deposited the Xbox version of Ark with the Copyright Office, that deposit also covered all the PC code at issue in this case." Defs.' MPJ Supp. at 8. Additionally, defendants contend that plaintiffs' cited authorities are inapposite because they involve rightsholders attempting to add new material through supplementary registrations to previously registered works. Id. at 13–14.

The Court concludes that Snail's supplementary registrations comply with the requirements of 17 U.S.C. § 408(d) and 37 C.F.R. § 202.6.(d)(4). Here, Snail's supplementary registrations for the console versions of Ark add information to reflect that they are derivative works in so far as they are the continuation of the "early access," "prior version" of Ark. The supplementary registrations accordingly function to "correct any error" and "amplify the information given" in a registration. Id. Nothing about Snail's supplementary registrations changes the "content" of the work themselves, in contrast to plaintiffs' cited authorities.[4]

---

[4] In PaysSys, the court concluded that because PaySys initially only deposited and registered specific component files of computer software, a supplementary registration "introducing thousands of additional component files" would impermissibly "squeeze additional works into a registered system." PaySys v. Atos Se, 226 F. Supp. 3d at 218–21. Meanwhile, here, Snail fully registered the video game code for the console versions of Ark, so its supplementary registration does not seek to add new material to the registered work, see Dkt. 56 at 13 n.8 (Court's June 2022 Order noting that defendants stated they properly deposited Ark source code in line with the Copyright Office's computer program submission policy). Plaintiffs' other cited cases are also not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

### C. Whether Snail's supplementary registrations after litigation commenced bar the ability to sue for infringement of the prior version of Ark.

Plaintiffs argue that defendants cannot rely upon supplementary registrations filed in the middle of litigation. According to plaintiffs, the effective registration doctrine's requirement that a derivative copyright registration identify any prior works "can only be satisfied by a registration—and not merely a supplement—obtained before asserting copyright claims in court." Pls.' MJP Supp. at 10. In support of this contention, plaintiffs cite to Section 411(a), which provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Id. at 7 (quoting 17 U.S.C. § 411(a)). Plaintiffs emphasize that they are not aware of a "single case where a supplementary registration was permitted to bring additional works within the scope of the effective registration doctrine—works that could not have been asserted absent the supplement." Id. at 10.

In opposition, defendants assert that "courts regularly accept mid-litigation supplemental registrations that correct" errors or omissions in initial copyright registrations similar to the ones at issue here. Defs.' MJP Supp. at 15. In support, defendants cite to L.A. Printex Industries, Inc. v. Aeropostale, Inc., in which the Ninth Circuit held that the plaintiff's erroneous information in a copyright registration did not invalidate the registration "because [the plaintiff] did not intend to defraud the Copyright Office and because the Copyright Office allowed [the plaintiff] to correct the error in its earlier registration through a [mid-litigation] supplementary registration." Id. (quoting L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 853 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (June 13, 2012)); see also id. at 16–18 (collecting cases). Finally, defendants assert that when filing the supplementary registrations, Snail requested "special handling due to 'pending or prospective litigation' and then identifies the above captioned litigation by case number," and the Copyright Office thereafter issued the supplementary registrations. Id. at 16 (citing Dkt. 228-1).

---

analogous: in Saxon, the plaintiff attempted to use a supplementary registration to include "substantial portions of new material," Saxon v. Blann, 1991 WL 350748, at *12, while in Muench, the supplementary registrations related to a compilation registration category which is not at issue here, see generally Muench v. Pearson, 2013 WL 12440999.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

The Court concludes that defendants' supplementary registrations are not barred by the fact that they were filed in the middle of this litigation.[5] First, the fact that Snail filed and the Copyright Office issued the supplementary registrations in the middle of litigation does not undermine defendants' compliance with Section 411(a)'s pre-litigation registration requirement. This is because, pursuant to Section 408, "[t]he information contained in a supplementary registration augments but does not supersede that contained in the earlier registration." 17 U.S.C. § 408. Here, the "earlier registration[s]" are the console version registrations, which had already been registered prior to this litigation. Second, this outcome aligns with the case law to which defendants cite, which have permitted mid-litigation supplementary registrations for a variety of errors. See, e.g., L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d at 853 (permitting mid-litigation supplementary registration fixing error for single unpublished collection registration). This position finds similar support in Nimmer on Copyright: "[i]t has been held that the date of registration is measured from the time of the original registration, even if that

---

[5] At oral argument, counsel for plaintiffs attempted to distinguish the circumstances of this litigation from defendants' cited cases. However, even if no case has directly permitted mid-litigation supplementary registration in the specific context of the effective registration doctrine, the case law broadly supports that outcome here. In L.A. Printex, the Ninth Circuit permitted mid-litigation supplementary registration fixing errors for an unpublished collection registration, which, like the effective registration doctrine, addresses whether certain works may fall within the scope of protection of a specific copyright registration. See 676 F.3d at 853. In UAB "Planner5D" v. Facebook, Inc., No. 19-CV-03132-WHO, 2020 WL 4260733, at *5 (N.D. Cal. July 24, 2020), cited in MJP at 9, the court granted the plaintiff leave to amend to fix a problem related to the effective registration doctrine, while in Chirco v. Gateway Oaks, LLC, the court acknowledged that the plaintiffs properly used supplementary registration to fix an error in which a registration had not disclosed the derivative work status of registered copyright. No. 02-CV-73188, 2005 WL 1355482, at *4 (E.D. Mich. Apr. 29, 2005). Additionally, as counsel for defendants emphasized, the Ark game itself has already been deposited with the Copyright Office, and nothing about the supplementary registration adds or removes material to it. Moreover, as set forth above, the Copyright Office was notified about this litigation and still issued the supplementary registration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:21-cv-09552-CAS-SKx | Date | March 7, 2023 |
|---|---|---|---|
| Title | Suzhou Angela Online Game Technology Co., Ltd. et al. v. Snail Games USA Inc. et al | | |

registration contained an incorrect classification and therefore required a revised registration to be filed after commencement of the action." Nimmer on Copyright § 7.16.

Accordingly, defendants meet the requirements of the effective registration doctrine—Snail owns both the original underlying work and the registered, derivative work, so plaintiffs' motion for judgment on the pleadings must be denied.

**D.  Whether defendants should be given leave to amend their pleadings or further supplement their copyright registrations**

Defendants assert their contention that the supplementary registrations are sufficient as is, and that amended pleadings are not necessary on this basis. However, defendants ask that the Court grant it leave to further supplement its copyright registrations and amend their pleadings if the Court "deems it necessary or helpful." Defs.' MJP Supp. at 22.

Because the Court concludes above that defendants' supplementary registrations are sufficient for purposes of the effective registration doctrine, the Court does not believe any further amended pleadings or supplementations from defendants are necessary.

**VI.  CONCLUSION**

In accordance with the foregoing, plaintiffs' motion for leave to amend is **GRANTED**, and plaintiffs' motion for judgment on the pleadings is **DENIED.**

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |